**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL E. HORSLEY,

       Petitioner,

-vs-                                           Case No.  8:14-cv-930-T-36AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254. (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted.  (Doc. No. 4).  Thereafter, Respondent filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. No. 5). Petitioner filed a reply to the response. (Doc. No. 7).

Petitioner alleges five claims for relief in his habeas petition:

1.      the state trial court violated his due process rights by denying his motion for judgment of acquittal, because the State failed to prove that he possessed the drugs;

2.      the state trial court violated his due process rights by denying his motion for judgment of acquittal, because the State failed to prove that he intended to sell the heroin;

3.      his right to due process was violated by a vindictive sentence;

4.      trial counsel rendered ineffective assistance in failing to file a motion to arrest the judgment on the ground that the verdict was inconsistent; and

5.      trial counsel was ineffective in failing to assert that his convictions for both possession of cocaine and attempted possession of heroin with intent to sell,

manufacture, or deliver constituted a double jeopardy violation.

# I. PROCEDURAL HISTORY

The State charged Petitioner by Information with possession of heroin with intent to sell, manufacture, or deliver, and possession of cocaine (Ex. A1).[1] A jury found him guilty of possession of cocaine and the lesser included offense of attempted possession of heroin with intent to sell, manufacture, or deliver (Ex. A2). He was sentenced to consecutive terms of 5 years in prison for these offenses (Ex. A3). He filed a direct appeal with the Florida Second District Court of Appeal, which affirmed *per curiam* without a written opinion (Ex. B3).

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, asserting four claims of ineffective assistance of trial counsel (Ex. C1). The motion was summarily denied (Ex. C2). The state appellate court affirmed the denial *per curiam* without a written opinion (Ex. C5).

Petitioner filed a state petition for a writ of habeas corpus alleging ineffective assistance of appellate counsel (Ex. D1). The petition was denied by the Florida Second District Court of Appeal (Ex. D2).

Petitioner then filed a second Rule 3.850 motion asserting two new claims of ineffective assistance of trial counsel (Ex. E1). The motion was dismissed as an impermissible successive Rule 3.850 motion (Ex. E2). The state appellate court affirmed the dismissal without a written opinion (Ex. E4).

Finally, Petitioner filed a petition for a writ of habeas corpus in the state circuit court,

---

[1]References to the record will be made by citing to the particular volume and page of the Respondent's appendix. For example, "Ex. A5 at 1" refers to page one of the volume labeled Exhibit A5.

alleging that the trial court: (1) applied an incorrect standard when ruling on his motion for judgment of acquittal, and (2) erred by making an upward departure at sentencing without stating the reason for the departure  (Ex. F1).  The first claim was dismissed, and the second claim denied  (Ex. F2). The state appellate court affirmed without a written opinion.  *See Horsley v. State*, 156 So. 3d 1090 (Fla. 2d DCA 2014) [table].

Petitioner filed his petition in this Court asserting the five above mentioned grounds for relief (Doc. No. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001),  in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

## A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

4

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),

established a two-part test for determining whether a convicted person is entitled to relief on the

ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was

deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient

performance prejudiced the defense.[2] *Id*. at 687-88.  A court must adhere to a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at

689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of

counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even
> what most good lawyers would have done. We ask only whether some reasonable
> lawyer at the trial could have acted, in the circumstances, as defense counsel acted
> at trial. Courts also should at the start presume effectiveness and should always avoid
> second guessing with the benefit of hindsight. *Strickland* encourages reviewing
> courts to allow lawyers broad discretion to represent their clients by pursuing their
> own strategy. We are not interested in grading lawyers' performances; we are
> interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules

and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the
prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a
criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally
unfair or unreliable.

Cir. 1994).

**C. Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied

if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence'

means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error.  *Schlup*, 513 U.S. at 327.

## III. ANALYSIS

### Ground One

Petitioner contends that the evidence failed to prove that he actually or constructively possessed the drugs.  He argues that although he was seated close to where the drugs were found, inside a paper bag that was stuck in a crack in a wall, numerous other people were in that area, he was never seen touching the paper bag, no fingerprints were discovered on the paper bag or the baggies containing the drugs that were in the paper bag, and he never attempted to flee when police arrived.

When reviewing an insufficiency of the evidence claim in a habeas petition, a federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution.

In Florida, "to establish possession of cocaine under section 893.13(6)(a), [the State must prove]. . .1) that the defendant possessed a substance; 2) that the substance was cocaine; and 3) that the defendant had knowledge of the presence of the substance." *Meme v. State*, 72 So. 3d 254, 256 (Fla. 4th DCA 2011) (citation omitted).  "Possession may be actual or constructive." *Id.* "Possession is actual when the contraband is (1) in the defendant's hand or on his person, (2) in a container in the defendant's hand or on his person, or (3) within the defendant's 'ready reach'" *and*

the contraband is under his control." *Id.* (citation and quotation marks omitted) (emphasis in original). "To prove constructive possession, the State must present competent, substantial evidence of the accused's knowledge of the presence of contraband and his or her ability to exercise dominion and control over it." *Jennings v. State*, 124 So. 3d 257, 262 (Fla. 3d DCA 2013) (citing *Reynolds v. State*, 983 So. 2d 1192, 1194 (Fla. 3d DCA 2008)). "Mere proximity to contraband, without more, is legally insufficient to prove possession." *Johnson v. State*, 456 So. 2d 923, 924 (Fla. 3d DCA 1984).

Here, the State presented sufficient circumstantial evidence from which a rational jury could infer Petitioner had actual or constructive possession of the drugs.   Officer Santiago testified that when he arrived at Dave's Market, which is located in an area known for drug transactions, he saw Petitioner and four other black males in front of a wall (Ex. A5 at 109, 132).  Petitioner was sitting and facing the wall, his knees were pressed against it, and he poked at the wall at least four or five times (*Id*. at 110-112).  The closest person to Petitioner was standing approximately four feet away (*Id*. at 110).  When Officer Santiago approached Petitioner, he saw a bag in a crevice in the wall directly in front of  Petitioner (*Id*. at 113, 134).  Petitioner backed away (*Id*. at 113).  The other individuals walked away from the area (*Id*. at 120).  Officer Santiago looked inside the bag and saw a plastic baggie with rice in it, 52 baggies of brown heroin, and 2 baggies of powdered cocaine (*Id*. at 114).  Petitioner was arrested and taken to the police station (*Id.* at 115).  When Officer Santiago told Petitioner that "he was being charged with crack cocaine," Petitioner said "crack cocaine[?] I didn't have no crack cocaine in that bag." (*Id*.).  Officer Santiago showed Petitioner the items inside the bag, and Petitioner identified the drugs as heroin and powdered cocaine (*Id*. at 116).  The partial fingerprints discovered on the evidence were inadequate for identification purposes (*Id*. at 135).

Laboratory testing confirmed that the substances in the bag were heroin and cocaine (*Id*. at 141-43).

That evidence shows Petitioner's knowledge of the drugs and his control over them. The drugs were within his "ready reach" because he was seated directly in front of and facing the area where the drugs were discovered in the crack in the wall, and he was seen poking that area of the wall. A reasonable jury could have concluded from this evidence that Petitioner was in possession of the drugs and either hiding them in the wall or attempting to remove them from the wall. Although there were other people in the area, the closest person was standing at least four feet away from Petitioner and the drugs. When told he was being charged with possessing crack cocaine, Petitioner exclaimed that there was no crack cocaine in the bag, giving rise to an inference that he knew what substances were inside the bag. Therefore, there was sufficient evidence for a jury determination of Petitioner's possession of the drugs. *See, e.g., McCoy v. State*, 840 So. 2d 455, 456 (Fla. 4th DCA 2003) (concluding that defendant was in actual possession of the drugs because they were within "ready reach" and in constructive possession of the drugs, where the evidence showed that defendant "was the only person around and within arm's reach of approximately $100 worth of cocaine which was otherwise unguarded and sitting out in the open on a porch."); *Dubose v. State*, 560 So. 2d 323, 325 (Fla. 1st DCA 1990) (defendant's proximity to the drugs, coupled with his incriminating statements to officer, established constructive possession of the drugs).

The state appellate court's decision denying this claim was neither contrary to nor unreasonable application of clearly established federal law; nor did it involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Accordingly, Ground One does not warrant relief.

**Ground Two**

Petitioner contends that the state trial court erred and denied him due process of law in denying his motion for judgment of acquittal because there was insufficient evidence to establish that he intended to sell the heroin. As discussed in Ground One above, this Court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

At the conclusion of the State's case, Petitioner moved for a judgment of acquittal, arguing, in pertinent part, that there was no evidence he intended to sell the heroin (Doc. No 28 - Respondent's Supplemental Appendix - at transcript pp. 153-57). In denying the motion, the state trial court found that because the heroin was divided into "52 individually packaged baggies," that alone was sufficient evidence of intent to sell (*Id*. - at transcript pp. 161-62). On direct appeal, Petitioner challenged the denial of his motion for judgment of acquittal, and the state appellate court affirmed without a written opinion.

In Florida, "[t]o be convicted of possession with the intent to sell, the prosecutor must prove that the defendant knowingly possessed the illegal drug with an intent to sell." *Paccione v. State*, 698 So. 2d 252, 254 (Fla. 1997). "The quantity or *packaging* of drugs in a defendant's possession may indicate an intent to sell." *Harris v. State*, 72 So. 3d 804, 806 (Fla. 4th DCA 2011) (citation omitted) (emphasis added). However, "[d]iscovering individually packaged narcotics does not automatically establish intent to sell." *Valentin v. State*, 974 So. 2d 629, 630 (Fla. 4th DCA 2008).

The evidence presented at trial shows that when Officer Santiago arrived outside Dave's Market, which is in an area known for drug dealing, he observed Petitioner sitting against and facing a wall. Petitioner poked his hand several times toward the wall. When Officer Santiago approached

11

Petitioner, he saw a brown paper bag inside a crack in the wall in the exact area Petitioner had been poking with his hand.  The paper bag contained rice, 2 packages of cocaine, and 52 packages of heroin.  When shown the items in the paper bag, Petitioner correctly identified them as heroin and powdered cocaine.  Finally, there was no evidence that Petitioner uses heroin himself.

Viewing that evidence "in the light most favorable to the prosecution," *Jackson*, 443 U.S. at 319, a rational jury could have inferred that Petitioner was attempting to hide the bag of drugs in a wall in a location known for drug dealing, and that he intended to sell the heroin.  *See Evans v. State*, 368 So. 2d 58, 59 (Fla. 1st DCA 1979) ("one could reasonably infer from the facts, *i. e.*, the large amount of marijuana seized and the way it was packaged, that the marijuana was intended not for appellants' personal use but rather for resale."); *Rawlings v. State*, 979 So. 2d 1238, 1240 (Fla. 4th DCA 2008) (evidence that defendant had 31 individual bags of marijuana on him with a total weight of 28.8 grams, coupled with officer's testimony that the amount of marijuana and packaging of it was consistent with sales, was "sufficient to allow the issue of intent to reach the jury."); *Brose v. State*, 32 So. 3d 144, 147-148 (Fla. 4th DCA 2010) (Farmer, J., dissenting) ("[T]he stolen substance possessed by the defendant was packaged in 31 individual baggies. If the possessor intends only to smoke the entire lot himself, why go to the trouble of packaging it in 31 individual baggies?") (citing *Rawlings*).  Therefore, the state courts' conclusion that there was sufficient evidence that Petitioner intended to sell the heroin was not contrary to, or an unreasonable application of, federal law.

Accordingly, Ground Two does not warrant federal habeas relief.

**Ground Three**

12

Petitioner contends that the state trial court imposed vindictive sentences, consecutive five year terms in prison, which were harsher than the sentences offered by the State prior to trial, concurrent five year terms in prison.   According to Petitioner, the trial judge initiated plea negotiations, attempted to persuade him to plead guilty, and entered a vindictive sentence because he proceeded to trial.   Petitioner raised this claim in his direct appeal.  The Second District Court of Florida affirmed *per curiam*.

Due process forbids vindictive sentencing by increasing a defendant's sentence because the defendant exercised a constitutional right. *See North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). *Pearce* set forth a presumption of judicial vindictiveness that arises "whenever a judge imposes a more severe sentence upon a defendant after a new trial" unless the reasons for the increased sentence are apparent on the record.  *Id*. at 726; *Texas v. McCullough*, 475 U.S. 134, 142 (1986). This presumption, however, has been limited to apply only in circumstances in which there is a "reasonable likelihood" of vindictiveness.  *Alabama v. Smith*, 490 U.S. 794, 799 (1989).  This is because what *Pearce* sought to prevent "was not the imposition of 'enlarged sentences after a new trial' but 'vindictiveness of a sentencing judge.'"  *Id*. (quoting *McCullough*, 475 U.S. at 138). Therefore, it is a petitioner's burden to show a "reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority."  *Id*. at 799.

Petitioner has offered no evidence of vindictive sentencing beyond his allegations that the sentences imposed by the trial court were more than the sentences offered by the State.  As discussed by the Eleventh Circuit Court of Appeals:

> the imposition of a longer sentence than a defendant would have received had he pleaded guilty does not automatically amount to punishment for the defendant's exercising his right to stand trial.  A trial judge may reasonably increase a defendant's sentence after trial because the trial gives the judge the benefit of hearing

testimony, becoming aware of the facts of the case, and understanding the flavor of the event and the impact upon any victims.

*Creed v. Department of Corrections*, 330 F. App'x 771, 773 (11th Cir. 2009) (citations omitted) (quotation omitted).  Here, Petitioner has not shown any evidence of judicial vindictiveness in his sentence. There is no indication that: (1) the trial court ever stated or implied that the imposed sentence was based on Petitioner's refusal of the plea offer, or (2) the trial court was in any manner vindictive in imposing sentence.  Rather, the trial court relied on Petitioner's recidivism and the timing and length of his most recent prison sentence (which was not known to the court until the sentencing hearing) in determining the appropriate sentence (Ex. A5 at 231).  The sentence is well-supported by the facts of the case, and Petitioner has not shown that the trial court intentionally set out to punish Petitioner for not entering a guilty plea.  Therefore, Petitioner has not made out a claim of constitutionally impermissible vindictive sentencing.

The state courts' rejection of this claim was not in conflict with clearly established federal law or based on an unreasonable determination of the facts.  Accordingly, Ground Three does not warrant habeas relief.

**Grounds Four and Five**

In Ground Four, Petitioner contends that trial counsel was ineffective in failing to file a motion for arrest of judgment based on an inconsistency in the verdicts.  In Ground Five, Petitioner complains that trial counsel was ineffective in failing to assert that his convictions for both attempted possession of heroin with intent to sell and possession of cocaine constituted a double jeopardy violation.  Respondent argues that these claims are procedurally defaulted because Petitioner raised them in his second Rule 3.850 motion, which was dismissed as an unauthorized successive Rule 3.850 motion.  The Court agrees.

14

A federal court must dismiss those claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In state court, Petitioner raised the claims alleged in Grounds Four and Five of his federal petition in his second Rule 3.850 motion (Ex. E1). The state court dismissed the second Rule 3.850 motion, concluding it was successive (Ex. E2). Accordingly, these claims are procedurally barred from review unless Petitioner establishes one of the two exceptions to the procedural default rule. *See* Fla. R. Crim. P. 3.850(f) (2012) ("A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, *if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.*") (emphasis added); *Jackman v. State*, 88 So. 3d 325, 327 (Fla. 4th DCA 2012) ("Successive motions are generally prohibited and should not be allowed when the grounds alleged were known or could have been known at the time of the first motion. . . .If a successive motion amounts to an abuse of process, it may be dismissed.") (citations omitted); *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n. 25 (11th Cir.2005) ("This Court has already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law.") (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir.1990)).

First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice" exception, only "occurs in an extraordinary case, where a constitutional violation has resulted in the

conviction of someone who is actually innocent." *Id.* Petitioner has not alleged or shown either cause or prejudice that would excuse the default. Likewise, he has not shown the applicability of the actual innocence exception. Accordingly, he has failed to satisfy either of the exceptions to the procedural default bar.

Grounds Four and Five are therefore procedurally barred and must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

A COA is **GRANTED** on Petitioner's claim that he was denied due process because the evidence at trial was insufficient to establish that he intended to sell the heroin. Reasonable jurists could debate the conclusion reached by this Court.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. Petitioner is **GRANTED** a certificate of appealability on Ground Two of the petition.

**DONE AND ORDERED** in Tampa, Florida, on January 23, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

*Pro Se* Petitioner

Counsel of Record